FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 24 2023

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Christopher J. Bridger
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER VAUGHN SCHLAX,<br><br>Defendants. | Case No.: 1:22-CR-2109-SAB-2<br><br>Plea Agreement |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney the Eastern District of Washington, and Christopher J. Bridger, Assistant United States Attorney for the Eastern District of Washington, and Defendant, Christopher Vaughn Schlax ("Defendant"), both individually and by and through Defendant's counsel, Assistant Federal Defender Nick Mirr, agree to the following Plea Agreement.

1. <u>Guilty Plea and Maximum Statutory Penalties</u>

Defendant agrees to enter a plea of guilty to all charges, Counts 1-3 of the Indictment filed on November 9, 2022, which charges Defendant with three counts of Damage by Fire to Building or Personal Property Used in Interstate and Foreign Commerce, in violation of 18 U.S.C. § 844(i), a Class C felony.

As to each Count, Defendant understands that the following potential penalties apply:

PLEA AGREEMENT - 1

  a. a term of imprisonment of not less than 5 years and up to 20 years;

  b. a term of supervised release of not more than 3 years;

  c. a fine of up to $250,000;

  d. restitution; and

  e. a $100 special penalty assessment.

2. <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, up to the following terms:

  a. 5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

  b. 3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

  c. 2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3. <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

PLEA AGREEMENT - 2

  a. sentencing is a matter solely within the discretion of the Court;

  b. the Court is under no obligation to accept any recommendations made by the United States or Defendant;

  c. the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

  d. the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

  e. the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

  f. the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

4. <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

  a. pleading guilty in this case may have immigration consequences;

  b. a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

  c. removal from the United States and other immigration consequences are the subject of separate proceedings; and

  d. no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

PLEA AGREEMENT - 3

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5. <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

    a.    the right to a jury trial;

    b.    the right to see, hear and question the witnesses;

    c.    the right to remain silent at trial;

    d.    the right to testify at trial; and

    e.    the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6. <u>Elements of the Offense</u>

The United States and Defendant agree that in order to convict Defendant of Damage by Fire to Building or Personal Property Used in Interstate and Foreign Commerce, in violation of 18 U.S.C. § 844(i), the United States would have to prove the following beyond a reasonable doubt.

Count 1

    a.    *First*, on or about June 27, 2022, in the Eastern District of Washington, the Defendants, Gregorio Cantu and Christopher

PLEA AGREEMENT - 4

      Vaughn Schlax, maliciously damaged, the personal property of Lineage Logistics located at 62 Old Inland Empire Way, Grandview, Washington;

  b. *Second*, the property was maliciously damaged by means of fire; and

  c. *Third*, at the time of the fire, the personal property was used in interstate and foreign commerce, and in an activity affecting interstate and foreign commerce.

### Count 2

  a. *First*, on or about July 4, 2022, in the Eastern District of Washington, the Defendants, Gregorio Cantu and Christopher Vaughn Schlax, maliciously damaged, the personal property of River Valley Fruit located at 108 Birch Avenue, Grandview, Washington;

  b. *Second*, the property was maliciously damaged by means of fire; and

  c. *Third*, at the time of the fire, the personal property was used in interstate and foreign commerce, and in an activity affecting interstate and foreign commerce.

### Count 3

  a. *First*, on or about July 4, 2022, in the Eastern District of Washington, the Defendants, Christopher Vaughn Schlax, maliciously damaged, the building, real property, and personal property of Dollar Tree located at 614 E. Wine Country Road, Grandview, Washington;

  b. *Second*, the property was maliciously damaged by means of fire; and

PLEA AGREEMENT - 5

      c.    *Third*, at the time of the fire, the building, real property, and personal property was used in interstate and foreign commerce, and in an activity affecting interstate and foreign commerce.

7. <u>Factual Basis and Statement of Facts</u>

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

## COUNT 1

On June 27, 2022, Defendants Gregorio Cantu and Christopher Schlax drove to the Lineage Logistics warehouse, located at 62 Old Inland Empire, Grandview, Washington, located in the Eastern District of Washington. Gregorio Cantu and Christopher Schlax had been involved in a series of burglaries and a fire was set by Christopher Schlax in order to serve as a distraction from those burglaries. The fire was initiated in a pallet storage area and spread causing serious damage to the property. Gregorio Cantu maintained a lookout and drove the vehicle. The fire was set in order to distract from burglaries committed by the two defendants. The fire used was inherently dangerous to the firefighters called to fight the fire. Defendant Christopher Schlax collaborated with his codefendant in this offense. An origin and cause report was completed by expert forensic fire investigators who determined that the evidence indicated the fire was set by intentional human ignition. The estimate of total damage to property is approximately $700,000. Lineage Logistics is headquartered in Novi, Michigan and has locations throughout the United States and worldwide.

PLEA AGREEMENT - 6

COUNT 2

On July 4, 2022, Defendants Gregorio Cantu and Christopher Schlax, drove to the vicinity of the fruit bin lot of River Valley Fruit at 108 Birch Avenue, Grandview, Washington, located in the Eastern District of Washington. The River Valley Fruit Fire was set to distract from the burglary of the Dollar Tree. Christopher Schlax lit the fire while Gregorio Cantu maintained lookout in his vehicle. Defendant Christopher Schlax collaborated with his codefendant in this offense. The fire used was inherently dangerous to first responders called to the scene to respond to the fire. The fire caused significant damage to River Valley Fruit's property. The insurance company, Capital Insurance Group, settled for damages to the property at approximately $1,543,067.60. An origin and cause report was completed by expert forensic fire investigators who determined that the evidence indicated the fire was set by intentional human ignition. River Valley Fruit sends freight, product, and conducts business in interstate commerce.

COUNT 3

On July 4, 2022, Defendant Christopher Schlax and Gregorio Cantu went to burglarize the Dollar Tree at 614 E Wine Country Road, Grandview, Washington, located in the Eastern District of Washington. While using a cutting torch to attempt to cut into the office safe, Defendant Christopher Schlax started a fire. Defendant Christopher Schlax collaborated with his codefendant in this offense. An arson investigation indicated that the fire was set by intentional human ignition. The arson caused significant damage to dollar tree, its property, and the building. Damages were estimated to be approximately $2,057,000. Dollar Tree conducts business in interstate and foreign commerce.

Defendant Christopher Schlax admits that the allegations in the indictment are true and that the Government could prove each and every element of the offenses alleged in the indictment beyond a reasonable doubt.

8.  **The United States' Agreements**

PLEA AGREEMENT - 7

The United States Attorney's Office for the Eastern District of Washington agrees that at the time of sentencing, the United States will recommend a sentence as outlined below. The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

9.  United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

a.  Base Offense Level

The United States and the Defendant agree that the base offense level for Damage by Fire to Building or Personal Property Used in Interstate and Foreign Commerce is 20. U.S.S.G. § 2K1.4(a)(2).

b.  Special Offense Characteristics

The United States and the Defendant agree that Defendant's base offense level is increased by 2 levels because Defendants committed the offense to conceal another offense. U.S.S.G. § 2K1.4(b)(1).

c.  Multiple Count Analysis

Pursuant to U.S.S.G. § 3D1.4, three units are assigned to each of the three counts of Damage by Fire to Building or Personal Property Used in Interstate and Foreign Commerce, resulting in a 3-level increase to the count with the highest offense level. Accordingly, the United States and Defendant agree that Defendant's combined adjusted offense level of 25.

d.  Acceptance of Responsibility

The United States will recommend that Defendant receive a downward

PLEA AGREEMENT - 8

adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), if Defendant does the following:

    i.    accepts this Plea Agreement;

    ii.    enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

    iii.    demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

    iv.    provides complete and accurate information during the sentencing process; and

    v.    does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

    d.    <u>No Other Agreements</u>

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

    e.    <u>Criminal History</u>

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

PLEA AGREEMENT - 9

10. <u>Incarceration</u>

The United States and Defendant agree to each recommend 5 years confinement.

11. <u>Supervised Release</u>

The United States and Defendant each agree to recommend 3 years of supervised release. Defendant agrees that the Court's decision regarding the conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

    a. The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

    b. Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

12. <u>Criminal Fine</u>

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

13. <u>Mandatory Special Penalty Assessment</u>

PLEA AGREEMENT - 10

Defendant agrees to pay the $300 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

14. Restitution

The United States and Defendant agree that restitution is appropriate and mandatory, without regard to Defendant's economic situation, to Lineage Logistics, Capital Insurance Group, and Dollar Tree, who have suffered physical injury or pecuniary loss, pursuant to 18 U.S.C. §§ 3663A, 3664.

Pursuant to 18 U.S.C. § 3663(a)(3), Defendant voluntarily agrees to pay restitution for all losses caused by Defendant's individual conduct, in exchange for the United States not bringing additional potential charges, regardless of whether counts associated with such losses will be dismissed as part of this Plea Agreement. With respect to restitution, the United States and Defendant agree to the following:

    a.    Restitution Amount and Interest

The United States and Defendant stipulate and agree that, pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order restitution to Capital Insurance Group in an amount of $ $1,543,067.60, which shall be joint and several with Co-Defendant Gregorio Cantu. Further, the parties stipulate and agree that, pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664, the Court should order restitution to Lineage Logistics, or its insurance company or assignees, in an amount to be determined at or before sentencing, but in no event more than $5,000,000, and to Dollar Tree, or its insurance company or assignees, in an amount to be determined at or before sentencing. The restitution ordered to Lineage Logistics and Dollar Tree shall be joint and several with Co-Defendant Gregorio Cantu. The parties agree that any interest on this restitution amount should be waived.

    b.    Payments

The United States and Defendant agree that the Court will set a restitution

PLEA AGREEMENT - 11

payment schedule based on Defendant's financial circumstances. 18 U.S.C. § 3664(f)(2), (3)(A). Regardless, Defendant agrees to pay not less than 10% of Defendant's net monthly income towards restitution.

    c. <u>Treasury Offset Program and Collection</u>

  Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

  Defendant understands that the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. 18 U.S.C. §§ 3572, 3613, and 3664(m).

  Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

  Until Defendant's fine and restitution obligations are paid in full, Defendant agrees fully to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.

  Until Defendant's fine and restitution obligations are paid in full, Defendant agrees to provide waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

    d. <u>Notifications and Waivers</u>

  Defendant agrees to notify the Court and the United States of any material change in Defendant's economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect Defendant's ability to pay restitution. 18 U.S.C. § 3664(k). Defendant also agrees to notify the United

PLEA AGREEMENT - 12

States of any address change within 30 days of that change. 18 U.S.C. § 3612(b)(1)(F). These obligations cease when Defendant's fine and restitution obligations are paid in full.

Defendant acknowledges that the Court's decision regarding restitution is final and non-appealable; that is, even if Defendant is unhappy with the amount of restitution ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or restitution order.

15. <u>Payments While Incarcerated</u>

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16. <u>Additional Violations of Law Can Void Plea Agreement</u>

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

17. <u>Waiver of Appeal Rights</u>

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

Defendant expressly waives all of Defendant's rights to appeal Defendant's conviction and the sentence the Court imposes.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from

PLEA AGREEMENT - 13

information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

18. <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a.    this Plea Agreement shall become null and void;

    b.    the United States may prosecute Defendant on all available charges;

    c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

    d.    the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any

PLEA AGREEMENT - 14

objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

19. <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____    24 Oct 23
Christopher J. Bridger              Date
Assistant United States Attorney

PLEA AGREEMENT - 15

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____     10/24/23
Christopher Vaughn Schlax                       Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____     10/24/23
Nick Mirr                                                  Date
Attorney for Defendant

PLEA AGREEMENT - 16